AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of West Virginia

ORIGINAL FOR RETURN

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 3:16 mj 43
Storage Building located on 200 Block of )
North Spring Street Martinsburg, WV 25401 )
(See Attachment A) )

**FILED**

JUN 2 0 2016

U.S. DISTRICT COURT-WV
MARTINSBURG, WV 2540(

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Northern___ District of ___West Virginia___
*(identify the person or describe the property to be searched and give its location):*

Storage Building located on 200 Block of North Spring Street, Martinsburg, WV 25401 (See Attachment A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment A

**YOU ARE COMMANDED** to execute this warrant on or before ___June 27___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Robert W. Trumble, United States Magistrate Judge___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued: ___June 13, 2016 @ 3:02 PM___     [signature]
                                                         *Judge's signature*

City and state: ___Martinsburg, West Virginia___     ___Robert W. Trumble, United States Magistrate Judge___
                                                     *Printed name and title*

DEFENDANT'S EXHIBIT 2B

US00000738

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 3:16 mJ 43 | Date and time warrant executed: 6/13/2016 4:30 Pm | Copy of warrant and inventory left with: ON FURNITURE INSIDE BARN |
|---|---|---|

Inventory made in the presence of:
S/A PATRICK KELLEY

Inventory of the property taken and name of any person(s) seized:

NO ITEMS TAKEN FROM THIS LOCATION.

Nothing Fellows

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6/20/2016

_Peter Kelly_
Executing officer's signature

Subscribed, sworn to and returned before me PATRICK KELLEY  SPECIAL AGENT
Printed name and title

this 20th day June , 20 16

_Robert W. Trumble_
Robert W. Trumble, United States Magistrate Judge

US00000739

Attachment A

Description of Storage Building

1. The storage building located on the East side of the 200 block of North Spring Street, Martinsburg, WV. It is immediately South of 225 North Spring Street, and across the street from 222 North Spring Street. The storage unit is further identified in the photograph below:



Items to be Seized

1. Any and all weapons, including handguns, knives, rifles, shotguns, submachine guns, or associated ammunition, or any other firearms, receipts for the purchase of firearms, ammunition, or other weaponry, photographs of conspirators or associates with firearms or other weaponry, and manuals and documentation related to any firearms or weaponry;
2. Any and all tools used in the manufacture of firearms and silencers including tap and dye sets, and drills;
3. Any and all infrared and thermal imaging equipment, receipts for the purchase of infrared and thermal imaging equipment, and manuals and documentation related to infrared and thermal imaging equipment;
4. Any and all explosives and items and tools used to manufacture explosives, including pyrotechnic material, oxidizers, catalysts, binary explosives, fuels, unknown chemicals or liquid, powder or other forms, magnesium shavings, thermite, pipes and pipe fittings;
5. Any and all documents, receipts, and notes regarding the purchase of explosives and

    component parts, and the construction and use of explosives, and the manufacture and sale of explosives;

6. Any and all ammunition;
7. Any and all restraining devices, including handcuffs, receipts for the purchase of restraining devices, and manuals or documentation related to restraining devices;
8. Any and all self-defense devices, including pepper spray, also known as OC spray, receipts for the purchase of self-defense devices, and manuals or documentation related to self-defense devices;
9. Any and all two-way radios, receipts for the purchase of two-way radios, and manuals or documentation related to two-way radios;
10. Any and all financial documentation relating to the purchase of weapons, infrared and thermal imaging equipment, restraining devices, communication devices, and self-defense devices, described in this attachment and in the affidavit in support of this warrant, including all check registers and bank account statements;
11. Any and all information relating to the Department of Homeland Security and any of its employees, including documents or notes indicating building locations, building schematics, employee schedules, or documents or notes making reference to the Secretary of the Department of Homeland Security;
12. Any and all lists or notes of potential targets;
13. Any and all evidence related to false impersonation or wrongful use of government credentials or badges;
14. Any and all documents regarding mental status and motive;
15. Computers, including any and all Department of Homeland Security laptops, computer records, electronic storage media to include: secure digital cards (SD), compact flash cards, hard drives, USB drives. Books, records, receipts, and other papers relating to the preparation for workplace violence, introducing weapons into federal facilities and false personation and/or impersonating a federal officer;
16. Address or telephone books and papers reflecting names, addresses, telephone or pager numbers and its contents of co-conspirators;
17. Photographs, negative, video tapes, films or slides of co-conspirators, or Department of Homeland Security buildings or employees;
18. Any and all books, publications, notes, pamphlets regarding mass casualty killings and terrorist attacks, including on terrorist groups, active shooter response or protocols, case studies on active shooters, police response tactics;
19. Indicia of occupancy, residency, or ownership of the premises to be searched, including but not limited to utility and telephone bills, rental or purchase agreements and keys;
20. Indicia of rental or ownership of vehicles used to facilitate any of the activities described in the affidavit in support of this warrant;

21. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel; and
22. Mobile phones, cellular phones, mobile paging devices, trac phones, and any other prepaid wireless devices.

All of the above being evidence, fruits, and instrumentalities of 18 U.S.C. Sections 351, 371, 930, 1114 and 26 U.S.C. Section 5861.

US00000742

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUN 13 2016
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

IN THE MATTER OF THE SEARCH OF

THE STORAGE BUILDING LOCATED     CASE NO.   3:16 mj 42
on 200 Block of North Spring Street,
Martinsburg, WV 25401

## MOTION TO SEAL

Now comes the United States of America by William J. Ihlenfeld, II, United States Attorney for the Northern District of West Virginia and Anna Z. Krasinski, Assistant United States Attorney, and moves the Court to seal the Affidavit and Application for Search Warrant, the Search Warrant, this Motion and the Sealing Order (with the exception of one copy of the Warrant and inventory notice that will be left at the storage building located on 200 Block of North Spring Street, Martinsburg, WV 25401) in the above-referenced matter. The basis for the United States' motion is that the Affidavit and Application for Search Warrant makes reference to an ongoing investigation which is still in existence and may continue. If the Affidavit and Application for Search Warrant, the Search Warrant, this Motion and the sealing Order are not sealed, the integrity of the ongoing investigation relating to the people and places to be searched will be compromised.

Wherefore, the United States moves the Court to seal the Affidavit and Application for Search Warrant, the Search Warrant, this Motion and the sealing Order.

Respectfully submitted,

By:    /s/Anna Z. Krasinski
       Anna Z. Krasinski
       Assistant United States Attorney

US00000745

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

JUN 1 3 2016

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

IN THE MATTER OF THE SEARCH OF

THE STORAGE BUILDING LOCATED
on 200 Block of North Spring Street,
Martinsburg, WV 25401

CASE NO. 3:16 mj 43

## ORDER TO SEAL

It appearing to the Court that the Affidavit and Application for Search Warrant in the above-styled action makes reference to an ongoing investigation which is still in existence and may continue, it is

**ORDERED** that the Clerk of Court shall forthwith seal the Affidavit and Application for Search Warrant, the Search Warrant, the Motion to Seal and this Order (with the exception of one copy of the Warrant and inventory notice that will be left in the storage building located on the 200 block of North Spring Street, Martinsburg, WV 25401) in the above-styled action.

**ENTER:** June 13, 2016

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
for the Northern District of West Virginia

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF Storage Building located on 200 Block of North Spring Street Martinsburg, WV 25401 (See Attachment A) | Case No. 3:16 mj 43 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Patrick Kelley, a Special Agent of the U.S. Department of Homeland Security (DHS), Internal Security and Investigations Division (ISID), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for evidence of crime, contraband, fruits of crime or other items illegally possessed and property designed for use, intended for use, or used in committing a crime located within the residence and grounds of 207 East Martin Street, Martinsburg, West Virginia, including the storage shed located behind the residence. The location and items to be searched for are described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant in accordance with Federal Rules of Criminal Procedure 41.

2. Your affiant, Patrick M. Kelley, has been employed as a Special Agent with the Department of Homeland Security for about two years. Your affiant previously worked as a Special Agent at the Naval Criminal Investigative Service for approximately 15 years. Prior to that, your affiant was a Police Officer in National City, California for approximately four years. I am currently assigned to the ISID at DHS Headquarters in Washington, D.C. Your affiant's Law Enforcement training includes the Criminal Investigation Training Program (CITP) conducted at the Federal Law Enforcement Training Center (FLETC), as well as the San Diego

Police Academy. I have previously participated in multiple search warrants and have also acted as the affiant on search warrants. During my collective law enforcement career I have made at least one hundred felony arrests, and have conducted multiple criminal investigations.

3. As a sworn Federal Agent, I am authorized to conduct investigations of suspected criminal violations of various federal laws and I have the authority to execute warrants issued under the authority of the United States.

4. The facts and circumstances discussed in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers or witnesses. This affidavit is intended merely to show sufficient probable cause for the requested warrant, and does not set forth my full knowledge on this matter.

5. I am one of the agents investigating the events surrounding the June 9, 2016, arrest of JONATHAN L. WIENKE, a DHS employee assigned to work at DHS Headquarters' Nebraska Avenue Complex (NAC) located at 3801 Nebraska Avenue, N.W., Washington D.C. and the alleged violations of Title 18, United States Code, Sections 351, 371, 930, 1114 and Title 26, United States Code, Section 5861 and further detailed in Attachment A, committed by JONATHAN L. WIENKE and other individuals, known and unknown.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations Title 18, United States Code, Sections 930 (possession of firearms and dangerous weapons in Federal facilities), 351 (assassination, kidnapping and assault of a member of the executive branch), 371 (conspiracy to commit offense against the United States), and 1114 (protection of officers and employees of the United States), Title 26, United States Code, Section 5861 (unlawful possession, receipt and manufacture of

firearms and silencers) have been committed by JONATHAN L. WIENKE and others unknown to your affiant. There is also probable cause to search for the items described in Attachment A.

## PROBABLE CAUSE

7. JONATHAN L. WIENKE is an employee of the Department of Homeland Security. He works as a Management and Program Analyst in the Office of Intelligence and Analysis. He holds a Top Secret Clearance with access to Sensitive Compartmented Information. He lives at 207 East Martin Street, Martinsburg, West Virginia. He is 45 years old. He has no criminal history.

8. The NAC is assessed as Facility Security Level (FSL) Five. FSL 5 is the highest security level possible according to the Interagency Security Committee Standards, on a par with the Pentagon, the White House, the U.S. Capitol and a number of other iconic national landmarks. The NAC meets or exceeds every tangible ISC criteria, and houses the Secretary and Deputy Secretary, as well as 3,000 federal employees.

9. At approximately 7:30 a.m. on June 9, 2016, JONATHAN L. WIENKE approached a NAC pedestrian entrance gate. In accordance with enhanced security measures in place, which included random screening, JONATHAN L. WIENKE was selected for a search of his person and belongings. His backpack was placed in a screening machine. Items found inside the backpack included: (1) a folding knife with a blade approximately 3 inches in length; (2) two handheld radio communication devices; (3) O/C incapacitating spray labeled law enforcement; (4) an infrared viewer to view heat signatures; (5) a pair of black law enforcement handcuffs; (6) a portable breathalyzer device in a container labeled "BAC"; and (7) a cellphone adapter with earbuds. A handcuff key was located on JONATHAN L. WIENKE's key-ring.

10. Security officers seized the knife and O/C spray. JONATHAN L. WIENKE was then allowed into the NAC. At approximately 9 a.m., Special Agent Eric Mann and Federal Officer Tammy Smith, proceeded to JONATHAN L. WIENKE's workspace, a workstation with four cubicles, in NAC Building 19. NAC Building 19 contains classified information and is itself classified as a Sensitive Compartmented Information Facility. Your affiant is aware that at this time a meeting of senior DHS officials was occurring directly across from JONATHAN L. WIENKE's workspace. Your affiant is also aware that JONATHAN L. WIENKE had prior knowledge of the meeting and was aware that the meeting was occurring.

11. JONATHAN L. WIENKE was not in his cubicle but arrived soon after. JONATHAN L. WIENKE was wearing a DHS polo shirt, khaki cargo pants and brown outdoor boots. Special Agent Mann identified himself and asked JONATHAN L. WIENKE if he knew why he was there. Special Agent Mann then requested permission to search JONATHAN L. WIENKE's workspace. JONATHAN L. WIENKE said "yes." Special Agent Mann then asked JONATHAN L. WIENKE if he had any weapons on his person. JONATHAN L. WIENKE said "no." Special Agent Mann then asked JONATHAN L. WIENKE for permission to search him. JONATHAN L. WIENKE said "ok."

12. Special Agent Mann then patted down JONATHAN L. WIENKE and discovered a .22 caliber five shot revolver loaded with 5 .22 caliber hollow-point rounds in JONATHAN L. WIENKE's right-front pants pocket. When Special Agent Mann discovered the weapon, he heard JONATHAN L. WIENKE utter an audible expletive. A subsequent search of JONATHAN L. WIENKE discovered a second hand-cuff key secreted in his back pocket.

13. Determination was made that JONATHAN L. WIENKE has a permit to carry a concealed weapon in West Virginia. However, the permit is not valid on federal property in Washington, D.C. Following the arrest of WIENKE, the investigation determined WIENKE resided at 207 East Martin Street Martinsburg WV.

14. Based on your affiant's training and experience, individuals who conceal dangerous weapons and bring them on to a federal property work site pose a grave danger to federal employees, contractors, and visitors at the facility. This grave danger is compounded when an insider such as JONATHAN L. WIENKE has access to highly secure facilities and buildings with close proximity to senior DHS officials. Your affiant also notes that JONATHAN L. WIENKE possessed two radio communication devices. In combination with the infra-red device, handcuffs, multiple handcuff keys, knife, OC Spray and gun, this provides probable cause to believe that JONATHAN L. WIENKE was conspiring to commit workplace violence or other crimes with an unidentified person(s). These circumstance lead to the application for a previously obtained search warrant by SA Eric Mann.

15. I became involved in this investigation on June 9, 2016, when I was informed of the arrest of Jonathan WIENKE. Following the arrest of WIENKE, your affiant communicated with Detective Adam Albaugh of the Martinsburg WV Police Department. Albaugh checked the vicinity of the residence and conducted a neighborhood canvass. One witness indicated WIENKE did live at the residence, but he was seldom there, and seemed to come and go. A witness also stated that WIENKE drove a Chevrolet Pickup truck, blue in color. Albaugh conducted records checks and confirmed WIENKE was the owner of a blue Chevrolet Pickup Truck with assigned License plates out of West Virginia, 6TL 923.

16. I participated in the search of the WIENKE residence at 207 East Martin Street, Martinsburg, WV 25401 conducted on June 9, 2016 and June 10, 2016, subsequent to the obtainment of the search warrant. A number of items were seized during the search to include a suspected firearms noise suppresser or "silencer" which was attached to a Walther .22 Caliber Pistol. Your affiant seized that weapon and silencer and then transferred it to Special Agent Don Lockhart of the Bureau of Alcohol, Tobacco, and Firearms, who assisted at the scene of the search. SA Lockhart made a preliminary analysis of the silencer and opined that its construction probably was in violation of the law. SA Lockhart took custody of the Walther Pistol and silencer for purposes of submitting the items to an ATF firearms expert for examination. Additional parts, judged by SA Lockhart to be components to assemble additional silencers, were also seized. A total of 19 firearms were seized for further analysis. Of the 19 firearms, it was immediately apparent two of the seized rifles were probably equipped with "short" barrels, and the examination of those rifles is pending. In addition, your affiant observed the presence of a large amount of ammunition in the house, estimated to be between 10,000 and 50,000 rounds. On June 11, 2016 your affiant spoke telephonically with SA Lockhart who advised an ATF Firearms Expert had concurred with SA Lockhart's preliminary opinion that the silencer attached to the aforementioned Walther .22 Caliber pistol was in fact in violation of the law.

17. In the kitchen area of the residence your affiant observed the presence of some items consistent with those sometimes used to make improvised explosives. These items included sections of plastic pipe which had been sawed to lengths of approximately one foot, tools, and glue consistent with the type used to attach caps or other types of plastic pipe fittings. Elsewhere in the house your affiant observed approximately ten large boxes which contained magnesium shavings, thermite, and oxidizers. SA Lockhart explained to your affiant that while

the items which were present could be used to assemble an explosive device, in their present state they were not considered to be contraband, and were therefore legal to possess. These items were not seized.

18. Upon reviewing the inventory of items seized and the photographs of the search premises taken during the search, investigators recognize that additional property constituting evidence of the crimes under investigation, including pyrotechnic material, remains at 207 East Martin Street, Martinsburg, WV.

19. Items observed in the living room and elsewhere in the residence included other walkie-talkie style radios, some of which appeared to have been modified so as to have additional wires attached which did not appear to be part of the original equipment. While your affiant is not an explosives or electronics expert, I know from prior law enforcement training, as well as experience in Iraq, that radios capable of transmission can sometimes be used to initiate a detonation of explosives.

20. A storage shed located behind the residence was secured with a padlock and was not searched as the storage shed was not specifically identified in the prior application for a search warrant. Your affiant observed that the storage shed and the main house were connected by electrical wires as an apparent source of electricity.

21. On June 12, 2016 your affiant spoke telephonically with Special Agent James Lipscomb of the United States Secret Service. SA Lipscomb explained that on June 10, 2016 he had been sent to the vicinity of the residence to conduct interviews in an effort to what extent WIENKE represented a threat to the Secretary of Homeland Security. During his canvass, SA Lipscomb spoke with the owner of the property rented by WIENKE. The landlord showed SA

Lipscomb and additional storage unit, approximately a half block from the residence, which was also under the control of WIENKE as the renter of the property. The storage building is located on the East side of the 200 block of North Spring Street. It is immediately South of 225 North Spring Street, and across the street from 222 North Spring Street. Photographs of the storage building are included in Attachment A. The quantity of materials seized in WIENKE's residence and the condition of his residence indicate that additional evidence will be found in this storage shed. When SA Lipscomb observed the additional storage unit, he also observed a blue Chevrolet Pickup truck bearing West Virginia License Plate 6TL 923.

22. Finally, based on your affiant's training and experience, your affiant believes there is probable cause to believe that evidence of these above crimes, and others as set forth in Attachment A, to include planning and preparation for the events described above, as well as the preparation and planning for future incidents, continue to be present in the residence, storage locations, and vehicle of JONATHAN L. WIENKE.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

23. This information is contained in Attachment A.

Attachment A

Description of Storage Building

1. The storage building located on the East side of the 200 block of North Spring Street, Martinsburg, WV. It is immediately South of 225 North Spring Street, and across the street from 222 North Spring Street. The storage unit is further identified in the photograph below:



Items to be Seized

1. Any and all weapons, including handguns, knives, rifles, shotguns, submachine guns, or associated ammunition, or any other firearms, receipts for the purchase of firearms, ammunition, or other weaponry, photographs of conspirators or associates with firearms or other weaponry, and manuals and documentation related to any firearms or weaponry;
2. Any and all tools used in the manufacture of firearms and silencers including tap and dye sets, and drills;
3. Any and all infrared and thermal imaging equipment, receipts for the purchase of infrared and thermal imaging equipment, and manuals and documentation related to infrared and thermal imaging equipment;
4. Any and all explosives and items and tools used to manufacture explosives, including pyrotechnic material, oxidizers, catalysts, binary explosives, fuels, unknown chemicals or liquid, powder or other forms, magnesium shavings, thermite, pipes and pipe fittings;
5. Any and all documents, receipts, and notes regarding the purchase of explosives and

component parts, and the construction and use of explosives, and the manufacture and sale of explosives;
6. Any and all ammunition;
7. Any and all restraining devices, including handcuffs, receipts for the purchase of restraining devices, and manuals or documentation related to restraining devices;
8. Any and all self-defense devices, including pepper spray, also known as OC spray, receipts for the purchase of self-defense devices, and manuals or documentation related to self-defense devices;
9. Any and all two-way radios, receipts for the purchase of two-way radios, and manuals or documentation related to two-way radios;
10. Any and all financial documentation relating to the purchase of weapons, infrared and thermal imaging equipment, restraining devices, communication devices, and self-defense devices, described in this attachment and in the affidavit in support of this warrant, including all check registers and bank account statements;
11. Any and all information relating to the Department of Homeland Security and any of its employees, including documents or notes indicating building locations, building schematics, employee schedules, or documents or notes making reference to the Secretary of the Department of Homeland Security;
12. Any and all lists or notes of potential targets;
13. Any and all evidence related to false impersonation or wrongful use of government credentials or badges;
14. Any and all documents regarding mental status and motive;
15. Computers, including any and all Department of Homeland Security laptops, computer records, electronic storage media to include: secure digital cards (SD), compact flash cards, hard drives, USB drives. Books, records, receipts, and other papers relating to the preparation for workplace violence, introducing weapons into federal facilities and false personation and/or impersonating a federal officer;
16. Address or telephone books and papers reflecting names, addresses, telephone or pager numbers and its contents of co-conspirators;
17. Photographs, negative, video tapes, films or slides of co-conspirators, or Department of Homeland Security buildings or employees;
18. Any and all books, publications, notes, pamphlets regarding mass casualty killings and terrorist attacks, including on terrorist groups, active shooter response or protocols, case studies on active shooters, police response tactics;
19. Indicia of occupancy, residency, or ownership of the premises to be searched, including but not limited to utility and telephone bills, rental or purchase agreements and keys;
20. Indicia of rental or ownership of vehicles used to facilitate any of the activities described in the affidavit in support of this warrant;

21. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel; and
22. Mobile phones, cellular phones, mobile paging devices, trac phones, and any other prepaid wireless devices.

All of the above being evidence, fruits, and instrumentalities of 18 U.S.C. Sections 351, 371, 930, 1114 and 26 U.S.C. Section 5861.

US00000758