UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

UNITED STATES OF AMERICA,

 Plaintiff,

v.              CRIMINAL NO. 3:16CR26

JONATHAN LEIGH WIENKE,

 Defendant.

### DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Comes now, the defendant, Jonathan Leigh Wienke, through his attorney, Nicholas J. Compton, Assistant Federal Public Defender, submitting to the Court the following proposed voir dire questions:

1. Do you, or do any members of you family or friends know me?  I am U.S. District Court Chief Judge Gina M. Groh?

2. Will the defendant, Jonathan Leigh Wienke, please rise?  Are any of you related by blood or marriage to Mr. Wienke?

3. Are any of you acquainted with or know Mr. Wienke?

4. Do any of you or any member of your immediate families have a close relationship, business or otherwise with Mr. Wienke?

5. Have counsel and case agents introduce themselves.  Do any of you know or are any of you related to any of these people in this case, or have you ever had contact with them?

6. Are you or have you or any of your relatives or friends ever been connected with:

  a) law enforcement, either federal, state or local;

    b) a district attorney's office

    c) the United States Attorney's office

    d) any law enforcement or quasi-law enforcement agency?

7. Have any of you ever been a policeman or policewoman, a military policeman or policewoman, worked in the security field for either state or national government or for private industry, or worked for a jail, a prison or any other type of correctional facility?

8. Do you or any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, or any other witnesses who will testify for the prosecution in this case? [Request prosecutor to read list of officer, agents and proposed witnesses.]

9. Law enforcement officers will be testifying in this matter. Are any of you more likely to believe the testimony of a law enforcement officer than that of another witness because that person is a law enforcement officer?

10. Do any of you, or do any members of your immediate family have any dealings with the United States Government or any of its agencies from which you may profit?

11. Have you or any members of your family ever been involved in any conflict, controversy, or litigation with the Office of the United States Attorney; the Department of Homeland Security; Bureau of Alcohol, Tobacco, Firearms, and Explosives; the West Virginia State Police; the District of Columbia Metropolitan Police Department; or any department or agency of the United States, the State of West Virginia, or the District of Columbia?

12. Do you know or recognize any other members of the jury panel?

13. Have any of you heard or read anything from the news media or otherwise about this case or has anyone talked to you about this case? [Counsel requests that any juror responding

affirmatively to this question be asked to explain his or her answer out of the presence of the others members of the panel to avoid any prejudicial response which may taint the other members of the panel.]

14. The indictment in this case was returned by the Grand Jury in this District sitting in Martinsburg during its July 2016 session. Were any of you members of this grand jury?

15. Have any of you or members of your family ever served as a juror on a grand jury?

16. Have any of you or members of your family ever served as a juror in a civil case? If so:

> a) when?
>
> b) where?
>
> c) how often?
>
> d) did you reach a verdict?

17. Have any of you or members of your family ever served as a juror in a criminal case? If so:

> a) when?
>
> b) where?
>
> c) how often?
>
> d) did you reach a verdict?

18. Was there anything about the service which caused you any concern about the justice system in this country or is there anything which causes you to believe that you could not be a fair and impartial juror in this case?

19. Have you or any members of your immediate family or friends been a party to a civil lawsuit? If so, please explain.

20. Have you or any members of your immediate family or friends ever testified in a civil or

criminal trial or before a grand jury? If so, please explain.

21. Have you or any members of your immediate family ever been the victim of a crime? If so, what type of crime was it? Did the crime involve the possession, use, or theft of a firearm? Was the crime ever solved? Were you satisfied with the efforts of law enforcement? Would that experience adversely affect your ability to sit as a juror?

22. Under our system of justice, the burden of proof in a criminal case is on the government. It never shifts to the defendant. There is an important corollary to that principle. The defendant is under no obligation to testify. If he does not testify, no adverse inference may be drawn. Do I have your assurance that if Mr. Wienke does not testify in this case that it will not affect your judgment in any way?

23. On the other hand, the defendant may testify in this case. While you are free to consider the defendant's interest in the outcome of this proceeding, you cannot dismiss his testimony simply because he happens to be the defendant. Do you all feel that you can do so?

24. Have you or any members of your family in any way ever been harmed, injured, or otherwise adversely affected by firearms?

25. Do you or any of your family members or close friends belong to or support (financially or otherwise) any organizations or associations that support or oppose the use and/or possession of firearms and ammunition such as the National Rifle Association (NRA), Gun Owners of America (GOA), the Brady Campaign to Prevent Gun Violence, or Mayors Against Illegal Guns?

26. Do you have any personal views, religious philosophy, or strong opinions about firearms and ammunition which would prevent you from fairly and impartially deciding this case solely on the evidence as it is presented in this court?

27. Do you have any personal views or strong opinions regarding the national debate

regarding gun control which would prevent you from fairly and impartially deciding this case solely on the evidence as it is presented in this court?

28.     Does the fact that Mr. Wienke is presently charged with a crime create any impression in your mind that he is guilty?

29.     Do any of you feel that since Mr. Wienke is charged with a crime he probably did do at least something wrong?

30.     Do any of you have an opinion, or have you at any time expressed an opinion, as to the guilt or innocence of Mr. Wienke based on the charges contained in the indictment?

31.     Do any of you feel that if Mr. Wienke is not guilty he should prove it?

32.     Do any of you feel that Mr. Wienke must present evidence before you could find him not guilty?

33.     Would any of you surrender your honest belief that Mr. Wienke is not guilty just because some of your fellow jurors felt otherwise?

34.     Do any of you know of any reasons why you may be prejudiced for or against the Government or Mr. Wienke because of the nature of the charges?

35.     Can you think of any other matter which you should call to the attention of the Court which may have some bearing on your qualifications to sit as a juror in this case?

36.     Are any of you sensible of any bias or prejudice on your part, or can you think of anything which may prevent you from rendering a fair and impartial verdict in this case based solely on the evidence and my instructions as to the law?

37.     The Court will instruct you at the close of all the evidence concerning the proper law applicable to this case.  Are there any of you who feel that for any reason that you cannot or could not follow the law as stated to you by the Court in its instructions?

38. In that regard, and more particularly, the law provides that:

> The indictment is simply a formal document which notifies Mr. Wienke that he has been charged with an offense. It is not evidence of any kind. Mr. Wienke is presumed to be innocent of the charges until and unless he is proven guilty beyond a reasonable doubt. The burden is always on the Government to prove Mr. Wienke's guilt beyond a reasonable doubt and Mr. Wienke is not required to testify or present any evidence in his own behalf, but has an absolute right to do so if he chooses. The jury, by its oath, must decide the case solely on the evidence presented and on the law as it is given to you by the Court.

Is there any one of you who has difficulty understanding these matters as I have just explained them to you? Again, is there any one of you who believes, for any reason, that you could not decide the case in accordance with the legal standards which the Court has just stated?

39. Does the anticipated length of this jury trial (1 to 2 days) present any serious problems for any of you with the understanding that you will not be sequestered, you will not be required to report before 9:00 in the morning, and court will normally conclude at 5:00 p.m.?

       Respectfully submitted,
       JONATHAN LEIGH WIENKE
       By Counsel

By: *S/ Nicholas J. Compton*
     Nicholas J. Compton
     Attorney for Defendant
     WV State Bar #11056
     Federal Public Defender Office
     MVB Bank Building
     651 Foxcroft Avenue, Suite 202
     Martinsburg, West Virginia 25401
     Tel. (304) 260-9421
     Fax. (304) 260-3716
     E-Mail. Nicholas_Compton@fd.org

**CERTIFICATION OF SERVICE**

I hereby certify that on November 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Anna Z. Krasinski, AUSA
Office of the United States Attorney
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401

*S/ Nicholas J. Compton*

Nicholas J. Compton
Attorney for Defendant
WV State Bar # 11056
Federal Public Defender Office
MVB Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, West Virginia 25401
Tel. (304) 260-9421
Fax. (304) 260-3716
E-Mail. Nicholas_Compton@fd.org