IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
**Plaintiff,**

V.                                                                    **Criminal Action No. 3:16CR26**
                                                                      **(Judge Groh)**

**JONATHAN LEIGH WIENKE,**
**Defendant.**

**Motion of the United States for**
**Entry of Preliminary Order of Forfeiture**
**Initiating the Ancillary Proceeding**
**For Third-Parties To Contest Forfeiture**

The United States requests the Court to enter a preliminary order of forfeiture. In support of this motion, the United States asserts:

1.      Rule 32.2(b)(1)(A) mandates the entry of a preliminary order of forfeiture as "soon as practical" after a plea of guilty is accepted on any count in an Indictment regarding which criminal forfeiture is sought. One of the purposes of a preliminary order of forfeiture is to enable third parties to assert an interest in specific property. *U.S. v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) ("third persons with an interest in the property subject to forfeiture must . . . wait to petition the court to begin ancillary proceedings until the forfeiture order has been entered"). We show below that this case includes property subject to forfeiture.

2.      On July 19, 2016, the grand jury returned an Indictment charging that the defendant violated Title 26, United States Code, Sections 5822, 5861(f), and 5871, and Title 18, United States Code, Section 921(a)(24) of the above-referenced Indictment. The Forfeiture Allegation in the Indictment contains notice to the defendant that the government intends to forfeit property in this criminal case.

3.      Title 26, United States Code, Sections 5872, and Title 28, United States Code, Section 2461(c), mandate forfeiture of property as part of the sentence imposed in this case; that is, the

forfeiture of any firearm involved in the commission of offense committed in violation of the National Firearms Act.

   4. On December 21, 2016, during the Rule 11 hearing presided over by Magistrate Judge Robert W. Trumble, the defendant pled guilty to Count One of the Indictment, alleging the defendant violated Title 26, United States Code, Sections 5822, 5861(f), and 5871, and Title 18, United States Code, Section 921(a)(24). The plea agreement includes the forfeiture of a Walther pistol, Model P22, .22 caliber (CATS ID: 16-ATF-025462), which the defendant stipulated is subject to forfeiture because it constitutes a firearm involved in or used in his knowing violation of Title 26, United States Code Section, 5861.

   5. The record made during the Rule 11 hearing established the requisite nexus between the offenses of conviction and the above-specified property, which was a firearm involved in the commission of an offense committed in violation of the National Firearms Act.

            Respectfully submitted,

            Betsy Steinfeld Jividen
            Acting United States Attorney

     By:  /s/ L. Danaë DeMasi-Lemon
         L. Danaë DeMasi-Lemon
         Assistant United States Attorney
         WV Bar No. 10814
         United States Attorney's Office
         1125 Chapline Street, Suite 3000
         Wheeling, WV 26003
         Phone: (304) 234-0100
         danae.demasi@usdoj.gov

         /s/ Anna Z. Krasinski
         Anna Z. Krasinski
         Assistant United States Attorney
         217 West King Street, Suite 400
         Martinsburg, WV 25401
         (304) 262-0590
         FAX: (304) 262-0591

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 31st day of March 2017, I have electronically filed the attached documents with the Clerk of the Court using the CM/ECF system, to be served upon counsel of record.

|     |     |
| --- | --- |
| By: | <u>/s/ L. Danaë DeMasi-Lemon</u><br>L. Danaë DeMasi-Lemon<br>Assistant United States Attorney<br>WV Bar No. 10814<br>United States Attorney's Office<br>1125 Chapline Street, Suite 3000<br>Wheeling, WV 26003<br>Phone: (304) 234-0100<br>danae.demasi@usdoj.gov |